IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RICKY HENDRIX, Individually and on
behalf of a class of Arkansans Similarly
Situated                                                              PLAINTIFF

v.                              No. 4:17-cv-652-DPM

ARKANSAS MUNICIPAL LEAGUE and
MUNICIPAL HEALTH BENEFIT FUND                        DEFENDANTS

ORDER

This removed case is a coverage dispute involving health insurance benefits for municipal employees and their families. Hendrix is a detective for the Russellville Police Department; his daughter was injured in a bad car wreck; and her medical bills occasion the suit. Hendrix challenges how the Municipal Health Benefit Fund coordinates benefits, as well as how the Fund decides what charges are usual, customary, and reasonable. He sues for himself and proposes a class. The Municipal League and the Fund removed the case. Hendrix wants to go back to state court. There's no question arising under ERISA because this governmental plan is exempt. 29 U.S.C. § 1002 (32). "Instead, the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal

forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314 (2005); *see also Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006).

The Municipal League points to the Affordable Care Act and implementing regulations. To help consumers compare health insurance plans, the Act mandated the development, by regulation, of uniform definitions of common insurance and medical terms. 42 U.S.C. § 300gg-15(a) & (b)(3). Among these terms was "UCR (usual, customary[,] and reasonable) fees[.]" 42 U.S.C. § 300gg-15(g)(1) & (2). The parties highlight two regulations that cover this ground. 29 C.F.R. § 2590.715-2715(c)(2)(i) and 45 C.F.R. § 147.200(c)(2)(i). Both require benefit summaries and coverage explanations to include "the uniform glossary" of common terms, including UCR. *Ibid.* That glossary defines usual, customary, and reasonable. It is "[t]he amount paid for a medical service in a geographic area based on what providers in the area usually charge for the same or similar medical service. The UCR amount sometimes is used to determine the allowed amount." № 10-1 at 5, quoting CENTERS FOR MEDICARE & MEDICAID SERVICES, *Glossary of Health Coverage and Medical Terms*, at 3. The glossary also hedges its uniform definitions. "Some of these terms also might not have exactly

the same meaning when used in your policy or plan, and in any such case, the policy or plan governs." № 10-1 at 1. The Fund's summary cited the glossary for reference: "A glossary of commonly used Health Coverage & Medical Terms is available at www.arml.org/services/mhbf/ or by calling Customer Service at 501-978-6137." № 2 at 79. But, a few lines earlier, the Fund had provided some particulars on how it would set "Usual, Customary[,] and Reasonable Charges (UCR)[.]" *Ibid.* The Fund's summary stated: "To determine UCR charges billed by a medical provider for services and supplies, the Fund reserves the right to use national tables (including, but not limited to, RBRVS, ADP and MDR, Medispan, First Databank) and methods in accordance with health care industry standards. The Fund may set limits on a provider's charges and fees at its discretion without giving notice to the provider. The Fund will not pay 100 percent of a provider's billed charges." *Ibid.*

The federal uniform definition is generic. The CMS's glossary makes plain that each plan could specify its own method of establishing the usual, customary, and reasonable fee for a particular medical service in a certain geographic area. The Fund's plan did. Federal law mandates definition of a category, while contemplating plan-by-plan variations within that category. Hendrix challenges the Municipal League's method for implementing this categorical definition, not the category itself.

This case is more like *Hartland Lakeside Joint No. 3 School District v. WEA Insurance Corporation*, 756 F.3d 1032 (7th Cir. 2014), than *Morris v. Blue Shield of California*, 2017 WL 1653938 (C.D. Cal. 1 May 2017). The parties have a dispute about coverage under state law, with some federal law in the background. There are no national implications in how a court ultimately answers the Arkansas law questions asked by Hendrix's complaint. *Grable* and like cases provide a footpath. That narrow track isn't open to the Municipal League in this case, which should be in state court.

\* \* \*

Motion, № 4, granted. The case is remanded to the Circuit Court of Pope County, Arkansas, for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

1 December 2017